On Motion to Dismiss Appeal.
The opinion of the court was delivered by
Watkins, J.
The ground of the motion is that this court is without jurisdiction ratione materim, for the reason that the amount iuvolved is below the lower constitutional limit of two thousand dollars.
This suit is brought by the plaintiff as assignee of a judgment which was rendered by the First City Oourt of New Orleans in favor of the plaintiff in the suit entitled Ohapsky Bros. vs. John Alexander, for the capital sum of seventy-two dollars and seventy-five cents, with legal interest thereon from the 25th of October 1885 and costs; and he seeks to recover a judgment against Mary Alexander, executrix of Mrs. Jane Alexander, deceased, decreeing John Alexander, judgment debtor, to be a forced heir of the testator and entitled to recover one-fourth of the estate, aggregating ten thousand dollars.
The averment of his petition is that as Mary Alexander was constituted the sole legatee under the will, her legacy should be reduced in so far and to the extent that it deprives John Alexander of his legitime.
That said John Alexander has made no attempt and does not intend to make an attempt to have said legacy reduced, and that unless same is reduced he will be deprived of his inheritance and the plaintiff will be prevented from realizing the amount of her judgment.
Evidently the plaintiff would be entitled to take from the amount of John Alexander’s legitime only the amount of the judgment Ohapsky Bros, assigned to her, and that is less than one hundred dollars.
*1535 True it is that she alleges that the interest of her debtor, John Alexander, is about two thousand five hundred dollars in the estate of his mother, Mary Alexander, deceased, but she does not sue in the capacity of an heir or creditor of the estate of Mrs. Jane Alexander, and does not allege an interest therein. There is no eoneursus formed in which she alleges an interest, and there is no fund for distribution.
This is in the nature of a revocatory action in which the amount of money sought to be realized from the res in court, or sought to be subjected thereto, governs the jurisduction and not the thing itself. Loeb & Blum vs. Arent, 33 An. 1085; State ex rel. Zuberbier &. Behan vs. Judge, 34 An. 1215; Mullen vs. Zuberbier & Behan, 39 An. 888.
Manifestly this court has no jurisdiction.
Appeal dismissed.